UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAO KE,

                Defendant/Appellant,          5:13-CV-1203-GTS

v.

JIANRONG WANG,

                Plaintiff/Appellee.
_____

APPEARANCES:                                            OF COUNSEL:

EDWARD E. KOPKO, LAWYER, P.C.         EDWARD E. KOPKO, ESQ.
  Counsel for Appellant Shao Ke
308 N. Tioga Street, 2nd Floor
Ithaca, NY 14850

THE CROSSMORE LAW OFFICE             EDWARD Y. CROSSMORE, ESQ.
  Counsel for Appellee Jianrong Wang
115 West Green Street
Ithaca, NY 14850

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this adversary proceeding, is an appeal from a Decision and Order of United States Bankruptcy Judge Diane Davis finding that a state court judgment debt owed to Plaintiff/Appellee Jianrong Wang ("Wang") by Defendant/Appellant Shao Ke ("Ke") is nondischargeable pursuant to 11 U.S.C. § 523(a)(4), because it was incurred by Ke through fraud or defalcation while acting in his fiduciary capacity. For the reasons set forth below, Ke's appeal is denied, and Bankruptcy Judge Davis's decision is affirmed.

I.  **RELEVANT BACKGROUND**

   A.  **Events Giving Rise to Wang's Adversary Complaint**

In May 2004, Ke became an officer and director of Peace Food Inc.

In September 2005, Wang sued Ke in the state trial court, asserting four causes of action: (1) a cause of action for theft or defalcation of corporate monies by Ke pursuant to N.Y. Bus. Corp. Law § 717(a); (2) a cause of action to compel Ke to account for his transfer of corporate assets to himself and others pursuant to N.Y. Bus. Corp. Law § 720(a)(1)(B); (3) a cause of action to remove Ke as director and officer of Peace Foods; and (4) a cause of action to cancel stock certificates issued to Ke's former brother-in-law and Wang's former wife. The actions were consolidated.

In May 2009, the state trial court issue a judgment for Wang against Ke for the following amounts: (1) $11,411.37 for attorneys' fees paid by the corporation to Ke's personal attorney; (2) $234,581.46 plus interest for failure to account for corporate profits; and (3) $70,000.00 for reasonable attorneys' fees incurred by Wang in connection with the state court action.

In October 2010, the Third Department modified the state trial court's ruling by (1) reducing the surcharge for failure to account for corporate profits from $234,581.46 with interest to $177,186.72 with interest, and (2) reducing the number of corporate shares credited to Ke from 150 to 50 (i.e., from 75% of the shares to 50% of them). However, the Third Department left undisturbed the state trial court's finding of that Ke was a fiduciary and that he was liable for unaccounted-for corporate revenue.

Meanwhile, in August 2009, Ke filed a voluntary chapter 7 bankruptcy petition, listing Wang as a pre-petition creditor holding a $313,090.00 claim subject to discharge.

In November 2009, Wang initiated an adversary proceeding against Ke in the Bankruptcy Court, claiming that Ke's judgment debt to Wang is nondischargeable pursuant to 11 U.S.C. § 523(a)(4), which excludes from discharge, inter alia, debts "for fraud or defalcation while acting in a fiduciary capacity."

B.  **Relevant Procedural History**

In May 2012, Bankruptcy Judge Margaret Cangilos-Ruiz partially granted summary judgment to Wang in this adversary proceeding, finding that the state trial court's findings of fact and conclusions of law conclusively established (pursuant to the doctrine of collateral estoppel) two elements of a claim under 11 U.S.C. § 523(a)(4): (1) that Ke was a fiduciary, and (2) that Ke misappropriated, or failed to account for, corporate funds while acting in his fiduciary capacity. However, Judge Cangilos-Ruiz found that the state trial court's findings of fact and conclusions of law did not conclusively establish the third element of a claim under 11 U.S.C. § 523(a)(4): that Ke acted with the requisite scienter; rather, a genuine dispute of material fact existed with regard to that element.

In October 2012, Bankruptcy Judge Diane Davis conducted a trial. At trial, both Ke and Wang testified, and documentary evidence was adduced. In August 2013, Bankruptcy Judge Diane Davis issued a decision finding that Ke's possessed the requisite scienter. In September 2013, Ke filed this appeal.

C.  **Parties' Arguments on Appeal**

1.  **Ke's Arguments**

Generally, in his brief in chief, Ke asserts the following six arguments: (1) the Bankruptcy Court erred in allowing Wang to litigate the issue of Ke's scienter given the doctrine

3

of issue preclusion, because Wang had a full and fair opportunity to litigate the issue before the state trial court (having asserted a claim that Ke stole or defalcated money) and failed to do so; (2) the Bankruptcy Court misapplied the Second Circuit's decision in *In re Hyman*, 502 F.3d 61 (2nd Cir. 2007), which was incorrectly decided in that it focused on the decision of the state trial court instead of the issues that the parties had the opportunity to litigate; (3) the Third Department's decision to reduce the award to Wang, and still "award[] Ke half the value of the corporation," bolsters Ke's preclusion argument because it shows that the Third Department "did not buy the idea that Ke 'stole and defalcated'" (a fact that should not be overlooked by picking and choosing preclusive points of law from the state trial court judgment); (4) the Bankruptcy Court erred in denying Ke's motion for a directed verdict on the issue of Wang's failure to adduce evidence establishing a *prima facie* case of the requisite culpable state of mind (or scienter) to have committed a defalcation of corporate assets; (5) Wang failed to carry his burden of proof at trial by failing to establish, by a preponderance of the evidence, that Ke had the requisite scienter; and (6) the documentary evidence introduced by Wang does not establish, by a preponderance of the evidence, that Ke defalcated corporate funds. (Dkt. No. 5.)

2. **Wang's Response**

Generally, in his responsive brief, Wang asserts the following six arguments: (1) the full-and-fair-opportunity argument asserted by Ke is without merit, because (a) Wang need not have litigated the state court case with the expectation that Ke would file for bankruptcy, and (b) in any event, the fact that the Third Department reduced Ke's surcharge (for failure to account for corporate funds) from $234,581.46 to $177,186.72, and reduced the number of corporate shares credited to Ke from 150 to 50, in no way means that it found that Ke lacked scienter to be

4

liable for defalcation (and, if anything, Wang was the one who had a full and fair opportunity to prove his "other bookkeepers" defense in the state court case); (2) the Bankruptcy Court correctly determined defalcation by Ke within the legal standard for scienter set forth in *Bullock v. Bank Champaign*, 133 S. Ct. 1754 (2013), and *In re Hyman*, 502 F.3d 61 (2d Cir. 2007), because, inter alia, (a) the evidence showed that Ke not only repeatedly failed and refused to account for his administration, but also falsified records, and (b) scienter may be presumed from the falsification of records alone; (3) the Third-Department argument asserted by Ke is without merit, because (a) the argument was raised before, and rejected by, Bankruptcy Judge Cangilos-Ruiz, and was not challenged in the Notice of Appeal in this action, and (b) in any event, as stated above, the Third Department's determination in no way means that it found that Ke lacked scienter; (4) the directed-verdict argument asserted by Ke is without merit, because Ke's trial testimony and the documentary evidence admitted (including the state court trial transcript and exhibits) clearly established a *prima facie* case; (5) the preponderance-of-the-evidence argument asserted by Ke is without merit, because Wang did not need to prove that Ke intentionally *stole* funds, or that he is liable for defalcation; and (6) the documentary-evidence argument asserted by Ke is without merit because (setting aside the fact the trial exhibits were not the only evidence adduced at trial) the trial exhibits were both numerous and admissible (for example, while Trial Exhibits 10 and 11 were not admissible in state court under NY CPLR 4539, they are admissible in federal court under Fed. R. Evid. 1003). (Dkt. No. 7.)

## II. GOVERNING LEGAL STANDARDS

### A. Standard of Review

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a). Rule 8013 of the Federal Rules of Bankruptcy Procedure provides in pertinent part as follows:

> [o]n an appeal, the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.

Fed. R. Bankr. P. 8013. Thus, the district court must uphold the factual findings of a bankruptcy court unless they are clearly erroneous. *Hudson v. Harris*, 09-CV-1417, 2011 WL 867024, at *9 (N.D.N.Y. Mar. 10, 2011) (Scullin, J.). A district court may find a bankruptcy court's determination to be clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364 [1948]). "[P]articularly strong deference [must be given to] a [bankruptcy] court's findings of fact based on credibility assessments of witnesses it has heard testify." *Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*, 426 B.R. 52, 59 (E.D.N.Y. 2010), *aff'd*, 408 F. App'x 477 (2d Cir. 2011) (quoting *In re Boyer*, 328 F. App'x 711, 716 [2d Cir. 2009]). Although the bankruptcy court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. *H & C Dev. Group, Inc. v. Miner (In re Miner)*, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) (citation omitted).

The bankruptcy court's legal conclusions, however, are subject to de novo review. *See Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432,

435 (2d Cir. 2003). The court reviews mixed questions of law and fact either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual. *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n. 11 [2d Cir. 2009]).

      **B.**     **Standard Governing Wang's Claim**

Because the parties have demonstrated (in their briefs) an accurate understanding of the legal standard governing Wang's claim of nondischargeability, the Court will not recite that legal standard in this Decision and Order, which is intended primarily for the review of the parties.

**III.**    **ANALYSIS**

After carefully considering Ke's arguments on appeal, the Court rejects those arguments for each of the numerous reasons offered by Wang in his responsive brief. *See, supra,* Part I.C. of this Decision and Order. To those reasons, the Court would add only two points.

First, the state trial court found it unnecessary to rule on the issue of scienter for purpose of Wang's cause of action for theft or defalcation under N.Y. Bus. Corp. Law § 717(a). (*See, e.g.,* Dkt. No. 2, Attach. 2, at 14-16 [stating that "the documents [proffered to establish, in part, the rules regarding the operation of the business] have no bearing on the Court's determination"].) It did so because it found Ke liable on Wang's cause of action to compel Ke to account for his transfer of corporate assets to himself and others pursuant to N.Y. Bus. Corp. Law § 720(a)(1)(B), which does not require a culpable state of mind as an element. (Dkt. No. 2, Attach. 2, at 11, 17-18 [finding Ke liable on Wang's second cause of action without addressing

7

Ke's state of mind].)[1] Because the state trial court did not rule on the issue of scienter, Ke did not appeal any such ruling to the Third Department, and the Third Department did not review any such a ruling. (Dkt. No. 2, Attach. 2, at 59-63.) Rather, the Third Department reduced the surcharge to Ke for failure to account for corporate profits from $234,581.46 to $177,186.72 merely because of the need to disregard Trial Exhibit Number 42 (correspondence from Ke to potential purchasers containing corporate sales records that differ from those presented in Ke's accounting) in calculating the amount of unaccounted-for corporate revenue. (Dkt. No. 2, Attach. 2, at 61-63.) Similarly, the Third Department reduced the number of corporate shares credited to Ke from 150 to 50 merely because of the need to disregard Trial Exhibit Number 19 (a memorandum documenting the corporation's repurchase of shares belonging to Ke's former brother-in-law and correspondence from Ke to potential purchasers containing corporate sales records that differ from those presented in Ke's accounting) in rejecting Ke's claim that he, rather than the corporation acquired his brother-in-law's shares. (Dkt. No. 2, Attach. 2, at 62-63.) Under such circumstances, the doctrine of collateral estoppel does not apply. *See Brooks v. Giuliani*, 84 F.3d 1454, 1465 n.12 (2d Cir.1996) (finding that collateral estoppel did not apply where plaintiff raised constitutional issue in prior proceeding but court did not address it); *Cox v. Colgane*, 94-CV-6361, 1998 WL 148424, at *5-6 (S.D.N.Y. March 27, 1998) (finding that

---

[1] *See* N.Y. Bus. Corp. L. § 720(a)(1)(B) ("An action may be brought against one or more directors or officers of a corporation to procure a judgment for the following relief: . . . to compel the defendant to account for his official conduct in the following cases[:] . . . [t]he acquisition by himself, transfer to others, loss or waste of corporate assets due to any neglect of, or failure to perform, or other violation of his duties."); *Brigham v. McCabe*, 276 N.Y.S.2d 328, 333 (N.Y. App. Div., 3d Dep't1966) (describing the elements of an action for an accounting under N.Y. Bus. Law § 720 as [1] a fiduciary relationship between plaintiff and defendant and [2] wrongdoing on the part of defendant), *aff'd*, 20 N.Y.2d 525 (N.Y. 1967).

collateral estoppel did not apply where plaintiff raised issue in notice of claim and bill of particulars but judge did not address it in final decision).

Second, when deprived of his collateral-estoppel argument, Ke is left with an insufficiency-of-the-evidence argument. However, even setting aside the documentary evidence presented at trial before Bankruptcy Judge Davis, sufficient evidence existed upon which for her to find that Ke acted with the requisite scienter. At trial, Bankruptcy Judge Davis carefully assessed, and expressly found lacking, Ke's credibility based on (1) his tactical use of a language interpreter, (2) his trial testimony (which included evasive answers, contradictory answers, convenient lapses in memory, and unintentionally damaging testimony), and (3) his demeanor as a witness (which included shifting moods and feigned ignorance). (Dkt. No. 2, Attach. 19, at 9, 23-26.) Such a credibility assessment must be, and is, afforded strong deference. *See, supra,* Part II.A. of this Decision and Order.

For all of these reasons, Ke's appeal is denied.

**ACCORDINGLY**, it is

**ORDERED** that Shao Ke's appeal is **DENIED**, and the Bankruptcy Judge Davis's decision is **AFFIRMED**.

Dated: September 15, 2014
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge